Charles T. Major, J.
Claimant, Mary Dwyer, has filed the above claim for personal injuries which she sustained when she stepped into a water-filled depression on and along the westerly edge of the macadam and shoulder of State Fair Boulevard in the town of Geddes, Onondaga County, New York. Joseph Dwyer asks damages for cost of medical services for his wife and for loss of consortium.
*788 On March 30,1956, about 2:00 p.mc., claimant Mary Dwyer was returning from church to her home at 723 State Fair Boulevard, and walking southerly on the westerly side of the State highway known as State Fair Boulevard. The highway extends substantially north and south, has a black macadam top, is two lanes wide, with five- to six-foot shoulders on the westerly side. The shoulders on the easterly side are narrower. Mrs. Dwyer walked to church about noon that day on the same or westerly side of the highway. It had been raining, the road was wet, and the shoulders were muddy. There was a ridge of snow mixed with dirt, about two feet high, along the westerly shoulder and about three to four feet from the edge of the pavement. This snow was soft and melting. Water was also visible in other places along the shoulder. In the proximity of 733 State Fair Boulevard, the claimant walked along or over a considerable length of rough patches on the edge of the pavement, and finally came to a broken and jagged area containing water. She stepped into a deeper section where the pavement edge was broken off, where she fell, suffering minor, but painful injuries.
This area where claimant fell (shown on photographs, claimants’ Exhibits Nos. 5 and 6, taken about two hours after the accident), extended about 18 inches in width into the shoulder, and 18 inches into the pavement. It was about 15 feet long, and varied from two inches to four inches in depth. Claimant Mary Dwyer stated that there was no traffic on the highway, except a car coming behind her, and she did not remember whether she was looking straight ahead or looking for any danger or defects as she walked along. There was nothing to interfere with her vision. The testimony does not convince this court that there was any trap or defect that could not be readily seen and observed by a prudent person under similar circumstances. The State is not an insurer of its highways. The accident occurred in the spring of the year in a climate where the winters and frost cause great and unavoidable damage. The spring road repairs had not commenced. There is insufficient evidence that the State had notice of this condition at this time. It does appear that this condition of the pavement had existed the previous summer, but had been patched several times. It does not appear when the break or depression appeared again. The State did not violate its duty of maintaining such highway in a reasonably safe condition for travel by either pedestrians or conveyances. The court finds no actionable negligence which was the proximate caíase of this accident or contributed thereto. The negligence of Marry Dwyer did contribute to it.
*789 The claim of Mary Dwyer is dismissed, and in accordance with this decision the claim of Joseph Dwyer must be and is also dismissed.
The foregoing constitutes the written and signed decision of this court upon which judgments may be entered. (Civ. Prac. Act, § 440.)
Separate judgments are directed accordingly.